No. 2718.—BERTRAND HARALSON *v.* Mrs. LUCY BOYLE.

Where mules and other movable property, used by the lessee in working the plantation, have
been provisionally seized, at the suit of the lessor, for the rent of the place, and released
by the sheriff on bond, before judgment, the privilege of the lessor is not thereby lost, and
the same property may be seized a second time and sold to satisfy the privilege recognized
by the judgment, provided, the lessee has not parted with the possession and ownership
of the property more than fifteen days prior to the last seizure.

The privilege on the movables of the lessee, for the rent of the plantation, cannot be enforced
by the lessor against an innocent third purchaser, if more than fifteen days have elapsed
from the date of purchase from the lessee, before the seizure.

APPEAL from Seventh Judicial District, parish of West Feliciana. *Miller*, J. *Collins & Leake*, for plaintiff and appellee. *W. D. Winter*, for defendant and appellant.

TALIAFERRO, J. The defendant seized provisionally certain mules and other personal property belonging to Hale, as subject to her privilege as lessor of a plantation to Hale. The lessee gave bond in the usual form for the forthcoming of the property, and the sheriff released it. Hale removed the property from the defendant's plantation, and afterwards sold to Haralson six mules, which formed part of the property seized by the lessor.

About three months after the provisional seizure was made, the defendant in this suit obtained judgment against Hale, with recognition of the lessor's privilege, and, issuing execution on this judgment, seized the six mules sold by Hale to Haralson, and they were advertised for sale. Haralson took out an injunction which is the foundation of the present action.

To the plaintiff's petition in injunction the defendant answered, averring her privilege and alleging the pretended sale from Hale to Haralson was fraudulent and simulated, no delivery of the property having been made; that Haralson could not purchase to her detriment the property subject to her privilege; that the sheriff had no authority for receiving a bond and releasing the property, and that her privilege subsisted notwithstanding the release. In support of this position, the case of Blanchin *v.* The Steamer Fashion, 10 An. 49, is relied upon.

The plaintiff had judgment in his favor with seventy-five dollars damages, and the defendant appealed.

We think the defendant has failed to establish that the sale was simulated. The delivery of the property is sufficiently established. The deputy sheriff testified that he seized three of the mules in Haralson's possession, and that Hale was in possession of the other three when he seized them. Other evidence in the record accounts satisfactorily for three of the mules being at that time, in Hale's possession. The privilege of the defendant was not destroyed by the release of the seizure and the taking of the bond; but in view of the facts that occurred subsequently, it is not easy to avoid the conclusion that the privilege was lost, as more than fifteen days elapsed after the property

was removed from the defendant's plantation and after it was sold to Haralson, before the second seizure was made; several months having intervened between the release and the removal and sale, and the time of the rendition of judgment against Hale. All this time the mules were not on the leased premises, and the greater part of it, they were in Haralson's possession as owner. Article 2679 of the Civil Code declares in regard to the rights of the lessor that "in the exercise of this right (that of seizure of the lessee's property), the lessor may seize the objects which are subject to it, before the lessee takes them away, or within fifteen days after they are taken away, if they continue to be the property of the lessee and can be identified."

A bill of exceptions was taken by the defendant to the introduction of certain evidence relating to the sale from Hale to Haralson, but it is unnecessary to examine it.

It is clear that the defendant can not pursue the property in the hands of a third party after the lapse of the period of time during which her privilege existed.

Whether the sheriff is liable for taking insufficient and illegal security on the bond is not a matter before us.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

Rehearing refused.